No defendant is entitled to a perfect trial, but all defendants are entitled to and should receive a fair trial. And that is the problem in this case, is that for two reasons, and I'll focus mainly on the first one, the improper introduction of 404B other act evidence. We also raise the issue about the improper use of expert testimony related to alien smuggling organizations. As an overriding matter, 404B is an interesting part of the rules of evidence. It really goes counter to the American system of justice, the idea that, as quoting from this court, the idea that people should be judged for what they did, not for who they are. And although 404B evidence is considered a rule of inclusion, the case law is clear that it is disfavored. The Supreme Court, in a case called Mitchelson, said it's generally discouraged, carries a serious risk of confusion. A lot of judges don't like 404B evidence, but this judge let it in, and we review for abuse of discretion. So in this case, government had to prove that an undocumented individual was in the United States and knowingly helped him. And wasn't that what the 404B information was used to try to prove? That's what it was used to try to prove, but that was not the issue that the jury had to decide in this case. In other words, absolutely, those are elements of the transportation of an undocumented alien. However, as the court has made very clear in its jurisprudence, first the government has to articulate precisely which evidentiary hypothesis it's using the evidence to prove. And in this case, they took sort of the laundry list, intent, plan, motive, and opportunity, lack of mistake, without identifying a particular, without really explaining why this evidence would prove that from the two prior smuggling incidents. But it would prove plan, wouldn't it? But, Your Honor, yes. The prior incidents were pretty much, were in a general sense the same as the one on which your client was arrested. Your Honor, yes. I agree that there are some general similarities, and there often are going to be in any kind of alien smuggling offense that would take place in the case. But the critical point here is that the only issue that was contested in this case was whether Mr. Flores had taken a substantial step to carry out what we agreed and conceded at trial was his conscious intent. And how was that made known during the course of proceedings? Well, it was made known during the opening statement. It was made known throughout the trial. It was made known, even if Your Honor accepts that at the time pre-trial. Let me put it this way, Your Honor. There was no stipulation in that regard. It's not like under old chief where the defendant is saying, I stipulate to my prior conviction. But in limine motions where the initial ruling is made, they're in limine because they're before trial. But as the trial develops, the trial was partially through by the time that the government called the first of its eight 404B witnesses. And by that point in the trial, and as we argued throughout the trial, this was not relevant. In opening statement, we said Mr. Flores is no angel. He readily agrees that we don't or we don't disagree with a lot of what the government is saying here. Our defense was, yes, he was there to meet this undocumented individual to transport him further. But he didn't do it. And he didn't take a substantial step towards that. In fact, the jury had a real issue with it from what we can tell from the fact that they requested readbacks. So just to be clear, if you look at the case law, there are sort of two sets of cases that the parties kind of have been discussing. And I think they highlight that this court really holds the government to its burden of showing exactly that it has to be aimed, the 404B evidence has to be aimed at an issue, an actual issue in the case. That's a quote from Hodges. You meant hold the prosecutors. I probably misspoke, Your Honor. Thank you. I appreciate that. Your Honor, if you look at the cases the government cited, the Flores-Blanco case and the Longoria and Hawley cases, you can understand in those cases why 404B evidence was admissible. Those are an alien smuggling case that took place out in the valley and then two taxicab alien smuggling cases also in the Imperial Valley. And in all three of those cases, the defendants there said, look, I was not involved. I was not involved. When I'm a taxicab driver, how am I supposed to know that the guys that I'm driving around town in the back of my cab are here illegally? Well, that's a proper use of 404B evidence to say, well, here's how we know. Here's what we know your plan was and your intent and, most importantly, your knowledge. You've done it before. You've been convicted of alien smuggling incidents for the same stuff. You pled guilty to this kind of conduct. But you contrast that with the border bus type cases, and that's the Hernandez-Mesa and the Garcia-Orozco cases from this court. And in both those cases, you have border bus. You have defendants driving a vehicle through the border, probably San Ysidro, with drugs in the car. And the defense is, I didn't know that there were drugs in this car. Well, one of those defendants had a prior conviction for smuggling drugs across the border. Yeah, it was on foot with a backpack. And the other defendant had been in a car that had drugs hidden inside it, and he'd fled from it. In both cases, the government convinced the district court, well, we get to use this evidence to prove that he had a plan, that he had an intent, he had knowledge of the drugs. Now, I understand your argument that if knowledge is directly in dispute, then, of course, that makes the prior 404B evidence even more probative, right? But we also have cases where we've held that it's not an abuse of discretion for the court to allow 404B evidence, even when knowledge was not directly being contested by the defense, because the government bears the burden of proving that as an element. And so I think that's where the standard review really comes in. I think some judges would probably not have let it in, and many judges would. To say that it's an abuse of discretion, I struggle with that. I understand the court's concern. One thing, and hopefully I can find the case perhaps when I step back up, there is abuse of discretion review overriding decision to allow in the 404B evidence, but the court applies to an overreview as to whether the proffered evidence went to a relevant issue in the case. And so I would suggest that here it's more akin to that, that our issue isn't so much that this evidence was relevant to intent and all those other things, but our concern is that those just weren't relevant issues at the case. We removed them from the case. In other words, Mr. Flores acknowledged his involvement in preparing to commit an offense. The only issue was, did his conduct rise to that level? Now, that's a tough defense, I acknowledge, but he did not take a substantial step, which is one of the elements of an attempt. Your Honors, just moving forward, when you look at the standard that this court applies as to the admissibility of 404B, one of the issues is, there's a 403 analysis. Was knowledge an issue in this case? No, it wasn't an issue. We conceded that. And so I would ask the court not to sanction the use of 404B evidence here as the trial court did, because that was an improper use of it. Was intent an issue in this case? No, Your Honor. The only issue was whether he took a substantial step to completing what we conceded his intent was. You'd still have to demonstrate prejudice, though. Can you speak to that briefly? Just briefly, and I know I'm running short on time. Your Honor, a couple of things with regard to the harmless... First of all, it's the government's burden. But second of all, we altered our defense strategy. And in our briefing, we quoted the quote from the trial lawyer, me, saying, look, because of the admission of this 404B evidence, we're taking a different tack on this case. And I'd point the court to the Evans case and the Stever case, as we said in our brief, that have found that it's prejudicial to... Why don't you try to save a minute? Okay. Thank you. Were you the prosecutor in the case? Good morning, Your Honor. May it please the Court, yes, I was. I was co-counsel, but I was the lead counsel in this trial. I'd like to start with what I believe is a fundamental disagreement. And answering your question first, Judge Pregerson, you asked if intent was an issue in the case and whether knowledge was an issue in the case. And in contrast to the appellant's argument, it absolutely was. Knowledge is the fourth element, which is included in the jury instructions on page 72 of the S.E.R. It remains an element of the offense, regardless of what counsel says during opening statement, because... Well, look, you know, we know that once a jury finds out that this defendant has walked down that path before, that's the end of the case, right? Not necessarily, Your Honor. Oh, it is the end of the case. Mr. Flores had a trial in 2010 where he actually hung the jury and wasn't convicted after 440 was presented. No, no, not in my experience. That's the end of the case. So... Was that 403 objection made? It was, Your Honor, in the motions in Limine and then the district court made the analysis. Yeah, yeah. So... It seems to me letting something like this in under 404-whatever-it-is-B is just highly prejudicial. I think it is extraordinarily prejudicial, Your Honor, but it's whether it's unfairly... That's why you try to get an evidence. Yes, Your Honor, yes, Your Honor. It was helpful to meet the burden of proof. Yeah, okay. But going back to... There's this fundamental disagreement that when a defense counsel makes comments in an opening statement, they can obviate or eliminate the United States' ability to provide evidence in its case-in-chief. And that can't be the rule because, as this judge instructed, Judge Sobral told the jury, statements by defense counsel are not evidence. So Mr. Warren can say whatever he wants in opening and then he can change his strategy and argue something else in the closing. And meanwhile, the United States has to prove its case. And knowledge and intent were significant. And there were, in this case, otherwise potentially seemingly innocuous events. Riding in a taxi cab is not otherwise culpable of a crime. Talking on a cell phone. Other events that needed to be explained in the context of Calexico in this case. So Mr. Warren and the appellant's argument fails for that reason. And he also mentioned old chief. The interesting thing about old chief the United States Supreme Court explained that even if Mr. Warren had gone further than his statements and he and Mr. Flores had actually offered to stipulate to the facts at trial to narrow the focus the United States would have reserved the ability to reject that because the only stipulation under the Supreme Court's precedent that's required for the United States to participate in is that of a prior felony conviction in the context of a felon in possession trial. So Mr. Flores could have gone further than statements and actually attempted to stipulate but it still wouldn't have obviated the need or the ability of the United States to present its case because the Supreme Court has explained in the oft-quoted Berger v. United States the United States needs to pursue its prosecutions with earnest and vigor to make sure that the guilty do not escape. We are entitled to strike very hard blows which we attempted to do in this case which resulted in a jury verdict. It has to be hard but fair. Yes, Your Honor. And when you can get something in evidence that's highly prejudicial do you think that's fair? Absolutely, Your Honor. If it's prejudicial to show what really occurred. For example, the 4-4-B in this case why is it that Mr. Flores shows up every time an alien jumps the fence? Did you think you had a weak case? No, Your Honor. A strong case? Depending on what occurred. There were a lot of moving parts going into the trial. For example, Your Honor Mr. Carrillo Were you worried about losing this case? Your Honor every trial is dynamic and I would point to a really interesting part of this trial that maybe doesn't come out from the briefing and from the record. What happened typically in the Southern District of California is the undocumented individual or alien is the term under the law is deposed on video which he was. Mr. Warren and I deposed him on video and then it's hoped that he will show up for the trial. In this case, Mr. Carrillo actually showed up for the trial which unlocked additional evidence including all of the phone records that had been gained subsequent to the deposition. And so going into the trial it's very unclear even on the Saturday night before the Monday morning trial what evidence is going to be available and relevant. No one's aware of the defense strategy. Mr. Warren makes it seem like a moot point that we knew he was going to make certain comments in his opening but he didn't make those at the motion to eliminate. The clerk's record at 38 indicates that he just opposed the 404B and the expert testimony. That's his prerogative and of course he needs to make the best strategy choices that he can for Mr. Flores at trial but going into the opening statement neither party completely understands what's going to occur. What really matters is what happens between the bookends. What evidence is the jury presented and what is it they're entitled to review? Well what troubles me is that once he's made these concessions then it seems to me the prejudice calculus changes markedly. So once you know that the only thing in play is going to be substantial step then this 404B evidence which might be viewed in one way if motive was clearly an intent becomes not just a thumb but a fist on the scale when all is in play is substantial step. I would respectfully disagree for two reasons, Your Honor. First, Mr. Warren is a very experienced and dedicated advocate for his clients. So are you. Yes, Your Honor, I hope to be. There's nothing that precludes Mr. Warren from changing his strategy in closing to opening and nothing he says in opening is to be taken as evidence by the jury. And so if he does that and the United States chooses in light of his comments to not present experts, to not present 404B then you can beat him up. He told you this is what was going to happen, etc. And then you've got a rebuttal case. There would be no rebuttal case, Your Honor, because Mr. Warren didn't present a case. But the burden of proof never leaves our table and even in regards to the second reason, Your Honor, I would respectfully disagree is the substantial steps in and among themselves that we argued to the jury required context that was only really provided by the 404B. Did the defendant testify? He did not. Are you afraid of losing the case where the defendant didn't testify? Well, Your Honor, we don't know if he's going to testify or not until we rest. But, I mean, okay. So I don't understand why all this testimony from these agents Scarino qualifies as expert testimony. Why does it qualify, Your Honor? It qualifies under the Ninth Circuit precedent of Mejia Luna and also Flores Blanca. It wasn't challenged in that case, but it's referenced in the facts of that case. In the Southern District of California the majority of our jurors come from the metropolitan area of San Diego, which is at least two and a half, if not three hours drive away from Calexico, which is closer to the Arizona border than the desert. And the circumstances as they were described to Judge Sabra, who we argue, of course, did not abuse his discretion, is that this is a highly unique area involving a unique crime that isn't necessarily in the purview of the jurors. And so it was Agent Scarino who was able to sort of paint the landscape. He had not seen any of the documents or reports related to Mr. Flores Perez, and so he expertly but blindly put a lot of these things in context. For example, a very objective thing, he told the jurors that in his experience from interviewing various undocumented aliens about their attempts to come to the United States, they paid between $3,000 and $7,000. So when Mr. Carrillo takes the stand and indicates that he negotiated a $3,500 price, it corroborates Mr. Carrillo's evidence and supports his credibility in what occurred, which is important because Mr. Carrillo was in part also identifying Mr. Flores visually by his voice on the phone. He was the one that told him to get in the cab and gave him instructions and other evidence that would really only be able to be understood by the average juror thanks to the help of the expert. Once all that comes in, that's really the end of the case, too. I wish it was that simple. It is. I mean... I don't understand how any of this is beyond a jury's purview. This is what juries are for. It certainly doesn't look anything like acceptable Dalbert expert testimony. It's acceptable. It's anecdotal testimony sort of dressed up as expert testimony. This isn't really expert testimony. Your Honor, the United States would respectfully disagree both in the context of trying the case and under this Court's precedent. This is expert testimony that's always been permissible in the Ninth Circuit under United States v. Mejia Luna and was also presented in the Flores-Blanco case, which speaks more directly to the 404B in this case. Which leads me to the 404B event. Going into the trial, Mr. Warren had been provided arrest reports related to 24 arrests, but the United States restrained itself. There is no numerical limitation in 404B, but looking at this Court's precedent in Flores-Blanco which is the lead case from 2010 in almost a factually identical situation in the same exact neighborhood, two prior events were presented and this Court found that that was appropriate under 404B, and so that was a guiding principle in why the United States chose to do two events. I see that my time is almost running out. The United States would certainly believe that the discretion that Judge Shabra exercised was not abused. Let me tell you something. Yes, Your Honor. I'm getting old and I've been around for a while, and I was a district judge for 14-15 years, which wasn't your... When you're young, that's a long period of time. When you get older, it's not a long period of time. But anyway, in the trials throughout that period, I never used this 404B section. Never. I don't really know of any other judge that did. And when it came to impeachment by a prior felony conviction, I kept that out under 403. And now what I want to tell you is this. That all through those years, there were very few defense verdicts. Very few. And there was nothing to appeal on. My court reporter used to complain he wasn't getting any transcript in this. No. You can look in the federal reporter and you'll see very few of my cases that ever went up on appeal. Because I kept the trials clean. And I had defense attorneys that I knew well complain, Judge, you're a hard man to try a case before. Well, why is that? Because you don't make a record for us to take an appeal on. But your client's getting a fair trial. Yeah. You know, you ought to think about that. All you're doing is just creating more appeals, more litigation, and I suppose that's good because it's part of full employment. Adds to the gross national product. San Diego's prospering. We might be losing our football team. What? We might be losing our football team. What do you need them for anyway? I agree. People, they just distract people from real problems in this country. The point is well taken. I have never had a trial that the defendant did not appeal something. They're entitled to that and this court provides the funds for the attorneys to do that. Referencing football, perhaps an imperfect analogy, I guess the argument would be that if the United States believes that it's made it to the end zone, that it should stop. And I would just go much further. It's got a lot to do with the end zone. It's got a lot to do with a fair trial. Yes, Your Honor. Of course fair. If you get a fair trial, you'll get a fair result. Okay, thanks very much. Which is what I hope happened in this case. I found the quote, it's on page 18 of our brief, with regard to the standard of review and whether there's something other than an abusive discretion standard. It's from Jackson and it says that the court considers de novo whether evidence is directly relevant to the crime charge or relevant only to other crimes. And I would suggest that in this case that the approach we're taking which is that it may have been relevant to other elements of this crime charge that were not in dispute. It wasn't relevant to the one issue that was. A couple other quick points, Your Honor. The court touched on the prejudicial effect of basically labeling someone with a scarlet letter of a prior conviction. Under the Dingra case which looks at 403 and 404B it says that the standard when you do admit 404B evidence is very low. It's a low threshold and even one witness can do it. In this case it was virtually half of the government's presentation. There were eight out of their 17 witnesses. They did calculation about 30% of the trial. And just from having been the trial judge you just see how tough that is. The jury is very distracted. They're confused. What are we here for? They're hearing about another incident. And I think that goes to the question Your Honor had, Judge Winn, about prejudice because in this case the jury was out for some period of time. They did ask for two substantial readbacks from the testimony and that's even after hearing all this prejudicial evidence about how bad this guy is in the past. And I think it may have been a slip of the keyboard but the government said and it's in limine motions we need this evidence to show that this man is an alien smuggler. That's exactly the type of propensity evidence that's prohibited. And just finally with regard to the expert testament, I didn't get a chance to talk about it. I agree with the court that it was unnecessary in this case. These are well within the purview of people. But more significantly if you look at the Mejia case which the government just mentioned the such evidence regarding a big smuggling organization is only admissible if the court finds that there's a significant tie to an international smuggling group. And in this case there wasn't. All there was were ties between one phone number that both the material witness and the defendant were calling but there wasn't sufficient evidence and under Vallejo case that should have been excluded. Mr. Flores was denied a fair trial. I'd ask the court to remand in reverse. Thanks. Thank you both.
judges: Pregerson, Parker, Nguyen